UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TESHOME FESEHAZION GEBREKIDAN,

    Petitioner,

v.

A. NEIL CLARK, et al.,

    Respondents.

CASE NO. C06-1657-RSL-JPD

ORDER GRANTING PETITIONER'S EMERGENCY MOTION FOR STAY OF REMOVAL

On November 15, 2006, petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and an Emergency Motion for Stay of Removal. (Dkts. #1 and #2). Petitioner asserts that the Department of Homeland Security ("DHS") has obtained travel documents for his removal to Ethiopia, and that he is subject to removal by Saturday, November 18, 2006, if not sooner. Petitioner asserts that he is a citizen of Eritrea, not Ethiopia, and argues that it is a violation of Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, to remove him to a country where he will be stateless, considered an "enemy alien," and will not receive protection from the receiving country.

Petitioner was born in the city of Asmara in what is now Eritrea. On or about November

ORDER GRANTING PETITIONER'S EMERGENCY
MOTION FOR STAY OF REMOVAL
PAGE – 1

29, 1984, he entered the United States as a refugee. Petitioner is married to a United States citizen spouse who is currently pregnant, and they have two other United States citizen children. On November 17, 1994, DHS issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings, and alleging that petitioner is a native and citizen of Ethiopia and is subject to deportation based on a conviction for second degree assault.

In removal proceedings on August 27, 2003, petitioner presented evidence that he is not a citizen of Ethiopia, but a citizen of Eritrea, and that he would be subject to persecution and torture if he were deported to Ethiopia. Based on this evidence, DHS amended the OSC, indicating that petitioner is a citizen of Eritrea, not a citizen of Ethiopia. Because deportation to Ethiopia was no longer an alternative, the Immigration Judge ("IJ") did not rule on petitioner's claims that he would be subject to persecution and torture if deported to Ethiopia. The IJ indicated that petitioner's asylum and withholding of removal claims would be meritorious if he were being deported to Ethiopia. The IJ determined, however, that petitioner had not established a claim of asylum or withholding of removal with regard to Eritrea, and ordered him removed. Petitioner did not appeal the IJ"s order of deportation to Eritrea, accordingly, petitioner's order of deportation became administratively final on August 27, 2003.

On September 15, 2006, the Immigration and Customs Enforcement ("ICE") took petitioner into immigration custody for the purpose of removing him to Ethiopia on Saturday, November 18, 2006, if not sooner. Petitioner asks this Court to stay his removal pending adjudication of his habeas petition in this Court.

Accordingly, the Court does hereby find and ORDER:

(1) Petitioner's request for a temporary stay of removal pending a decision on the merits

ORDER GRANTING PETITIONER'S EMERGENCY
MOTION FOR STAY OF REMOVAL
PAGE – 2

of this case (Dkt. #2) is GRANTED.  The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001)(en banc)(concluding that 8 U.S.C. § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal).  Under *Abassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardship tips in petitioner's favor.  *Abassi*, 143 F.3d at 514.  The Court finds that petitioner meets the second prong.

"The method by which the Attorney General may designate a country as the country of removal for any given alien is established in 8 U.S.C. § 1231(b)."  Petitioner argues that 8 U.S.C. § 1231 does not authorize the designation of Ethiopia as a country of removal in this case because he has provided sufficient evidence to establish that his life or freedom would be threatened and that he will likely be subject to persecution and torture if removed to Ethiopia.  Moreover, the IJ did not reach the issue of petitioner's fears of persecution and torture and the record remains undeveloped as to that question.  Petitioner asserts that he is entitled to an opportunity to seek withholding of removal and relief under the Convention Against Torture, protecting him from removal to Ethiopia.

The Court agrees that petitioner has raised substantial legal questions, alleging that respondents intend to remove him to Ethiopia where he will face arrest, imprisonment, persecution, or torture, in violation of 8 U.S.C. § 1231.  Petitioner also asserts that he provides essential support to his pregnant United States citizen wife and children, and that "[t]earing him apart from his family will cause significant hardship."  Based on all of the above, the Court now finds that the balance of hardships tip in petitioners' favor.

ORDER GRANTING PETITIONER'S EMERGENCY
MOTION FOR STAY OF REMOVAL
PAGE – 3

(2) The Court expresses no views at this time as to the merits of petitioner's habeas petition.

(3) The Clerk shall direct a copy of this Order to all counsel of record, and shall forward a copy of this Order to Judge Donohue.

DATED this 16th day of November, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Recommended for Entry
this 16th of November, 2006.

/s/ JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING PETITIONER'S EMERGENCY
MOTION FOR STAY OF REMOVAL
PAGE – 4